UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DAVID JASON TAYLOR, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:17-CV-003 WL |
| v. | ) |
| | ) |
| ALLEN COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

David Jason Taylor, a *pro se* prisoner, filed a complaint because he was locked in a cell for two hours. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Taylor is an inmate housed at the Allen County Jail. On December 17, 2016, Taylor refused to drink water while taking his morning medications. Officer Runyon and Taylor got into an argument whether jail inmates are required to drink water while taking their medications. Following the argument, Officer Runyon locked Taylor in his cell for two hours. Taylor is suing the Allen County Jail and Officer Runyon for money damages.

As a threshold matter, the jail is not a proper defendant here. Though the jail is where these events occurred, the jail is a building, not a person or even a policy making unit of government that can be sued pursuant to 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

However, his claim against Officer Runyon fares no better. Obviously, Taylor does not like being locked in his cell and believes that it is unfair. However, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Due process is only required when the punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Id*. at 484. Placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Being locked in his cell for a few hours is neither an atypical nor significant hardship on him because "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a claim is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the fact that Taylor had no due process right prior to being locked in his cell for two hours.

Because the complaint fails to state a claim upon which relief can be granted, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: March 22, 2017

 s/William C. Lee
William C. Lee, Judge
United States District Court